UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                      :

In re:                                          :           Chapter 11

THE NORTHWEST COMPANY, LLC, *et al.*    :           Case No.: 20-10990 (MEW)

                             Debtors.     :           (Jointly Administered)
-----------------------------------------------------------X
                                                      :

THE NORTHWEST COMPANY, LLC,       :

                 Plaintiff,            :

                 v.                         :           Adv. Pro. No.: 20-01082 (MEW)

EXTREME HORSE LIMITED,             :

                 Defendant.      :
-----------------------------------------------------------X

## EXTREME HORSE LIMITED'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Extreme Horse Limited ("Extreme Horse"), by and through its undersigned counsel, responds as follows:

### THE PARTIES

1.    Upon information and belief, Defendant admits the allegation contained in paragraph "1" of the Plaintiff's complaint.

2.    Defendant admits the allegation contained in paragraph "2" of the Plaintiff's complaint.

### JURISDICTION AND VENUE

3.    The allegations contained in paragraph "3", "4", "5", and "6" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the

Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

4.   The allegations contained in paragraph "7" do not require a response from Defendant as the allegations set forth therein constitute a waiver made by the Plaintiff and, thus do not require a response from Defendant. To the extent a response is necessary, the Defendant does not consent to the entry of final orders or judgements by the Bankruptcy Court and reserves all rights to demand a jury trial.

## ALLEGATIONS COMMON TO ALL COUNTS

5.   Defendant admits the allegations contained in paragraph "8" of the Plaintiff's complaint.

6.   Upon information and belief, Defendant admits the allegations contained in paragraph "9" of the Plaintiff's complaint.

7.   Defendant denies the allegations contained in paragraph "10" of the Plaintiff's complaint. Defendant avers it owns a membership interest in Northwest and a 20% economic interest in Northwest.

8.   Defendant denies the allegations contained in paragraph "11" of the Plaintiff's complaint. Defendant avers that on or about May 7, 2017, Plaintiff transferred $5 million to Defendant (the "Initial Transfer"). Subsequent to the Initial Transfer, at the direction of Northwest through the directions of Ross Auerbach, Defendant transferred the $5 million to Plaintiff's holding company, Northwest Textile Holdings LLC ("NWT Holdings") (the "Subsequent Transfer" and, together with the Initial Transfer, the "Transactions"). Defendant further denies that the Initial Transfer from Plaintiff to Defendant was characterized as a loan

9. Defendant denies the allegations contained in paragraph "12" of the Plaintiff's complaint. Defendant avers that it executed a Capital Contribution Agreement and a Redemption Agreement, but that these agreements were not executed on May 7, 2017 nor was an investment of $5 million made in Northwest Textile LLC on May 7, 2017.

10. Defendant denies the allegations in paragraph "13".

11. Defendant denies the allegations in paragraph "14".

12. Defendant denies the allegations contained in paragraph "15".

13. Defendant denies the allegations contained in paragraph "16".

## THE FIRST CAUSE OF ACTION

14. Defendant repeats its denials and admissions to the allegations repeated and restated in paragraphs "1" through "16" of Plaintiff's complaint as previously denied or admitted.

15. The allegations contained in paragraph "18" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

16. The allegations contained in paragraph "19" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

## THE SECOND CAUSE OF ACTION

17. Defendant repeats its denials and admissions to the allegations repeated and restated in paragraphs "1" through "19" of Plaintiff's complaint as previously denied or admitted.

18. The allegations contained in paragraph "21" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

19. The allegations contained in paragraph "22" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

## THE THIRD CAUSE OF ACTION

20. Defendant repeats its denials and admissions to the allegations repeated and restated in paragraphs "1" through "22" of Plaintiff's complaint as previously denied or admitted.

21. The allegations contained in paragraph "24", "25", "26", "27" and "28" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

## THE FOURTH CAUSE OF ACTION

22. Defendant repeats its denials and admissions to the allegations repeated and restated in paragraphs "1" through "28" of Plaintiff's complaint as previously denied or admitted.

23. Defendant denies the allegations contained in paragraph "30" of the Plaintiff's complaint.

24. Defendant denies the allegations contained in paragraph "31" of the Plaintiff's complaint.

25. The allegations contained in paragraph "32" do not require a response from Defendant as the allegations set forth therein are conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

26. The allegations contained in paragraph "33" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

27. The allegations contained in paragraph "34" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

## THE FIFTH CAUSE OF ACTION

28. Defendant repeats its denials and admissions to the allegations repeated and restated in paragraphs "1" through "34" of Plaintiff's complaint as previously denied or admitted.

29. Defendant denies the allegations contained in paragraph "36" of the Plaintiff's complaint.

30. Defendant denies the allegations contained in paragraph "37" of the Plaintiff's complaint.

31. Defendant denies the allegations contained in paragraph "38" of the Plaintiff's complaint.

32. The allegations contained in paragraph "39" do not require a response from Defendant as the allegations set forth therein are conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

33. The allegations contained in paragraph "40" do not require a response from Defendant as the allegations set forth therein are legal conclusions made by the Plaintiff and, thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

35. Defendant has not breached any contractual duty owed to Plaintiff because there is no contractual relationship or agreement between the Plaintiff and the Defendant as alleged in the Plaintiff's complaint in relation to the $5 million transfer between Plaintiff and Defendant.

**THIRD AFFIRMATIVE DEFENSE**

36. Plaintiff's ability to enforce and recover for breach of contract is barred by the Statue of Frauds.

**FOURTH AFFIRMATIVE DEFENSE**

37. The Debtors' estates do not have any claims against Defendant and to the extent any claims under § 542 of the Bankruptcy Code may exist, such claims are subject to offset.

**FIFTH AFFIRMATIVE DEFENSE**

38. Defendant did not convert or deprive Plaintiff of its possessory right and interest to its assets because Plaintiff directed and consented to Defendant's subsequent $5 million transfer to Northwest Textile Holdings LLC.

**SIXTH AFFIRMATIVE DEFENSE**

39. Plaintiff, through its representations and/or actions, has waived its right to enforce and recover for any claim in connection to the $5 million transfer between Plaintiff and Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

40. The Plaintiff's claims are barred by the doctrine of equitable estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

41. The Plaintiff is barred from the relief it seeks based on the fraud, deceit, and/or misrepresentation by the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

42. The Plaintiff's claims are barred by the doctrine of laches because there has been a substantial delay in commencing this action and the Defendant has been prejudiced as a result of the Plaintiff's unreasonable neglect.

## TENTH AFFIRMATIVE DEFENSE

43. To the extent Defendant had an obligation to perform, the Defendant's obligation to perform under the contract arising from the $5 million transaction between Plaintiff and Defendant was conditioned upon the Plaintiff first performing, or another act or condition to occur, and Defendant asserts that such performance, act, or condition never occurred, and that as a result, the Defendant was never obligated to perform.

## ELEVENTH AFFIRMATIVE DEFENSE

44. The Plaintiff agreed to accept certain inventory being made available as consideration, which Defendant has never refused to make available, and Plaintiff is barred from disclaiming its agreement to such an arrangement.

## TWELFTH AFFIRMATIVE DEFENSE

45. The Plaintiff, with full knowledge of the facts, ratified the agreement agreed that Extreme Horse make, upon demand, certain inventory as consideration rather than any cash payment, and Plaintiff with full knowledge of the facts ratified that agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

46. Defendant has been relieved of any obligation to perform under any agreements with Plaintiff as a result of Plaintiff's conduct.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Plaintiff's complaint with prejudice, award Defendant its costs and reasonable attorneys' fees, and any such other and further relief as the Court deems just and proper.

Dated: June 3, 2020
New York, New York

Respectfully submitted,

/s/ *Sigmund S. Wissner-Gross*
Robert J. Stark
Sigmund S. Wissner-Gross
Kenneth J. Aulet
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
rstark@brownrudnick.com
swissner-gross@brownrudnick.com
kaulet@brownrudnick.com

*Counsel to Extreme Horse Limited*

9